1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    RACHEL PACRAY, an individual,              No.  2:16-cv-01111-KJM-EFB

12                 Plaintiff,

13         v.                                    ORDER

14    WELLS FARGO HOME MORTGAGE,
      INC.; NBS DEFAULT SERVICES, LLC;
15    TBM FUNDING LLC; and DOES 1
      through 20, inclusive,
16
                 Defendants.
17

18

19          Plaintiff Rachel Pacray prefers to litigate her claims against Wells Fargo Home

20   Mortgage, Inc.; NBS Default Services, LLC ("NBS LLC"); and TBM Funding LLC ("TBM

21   LLC") (collectively, "Defendants") in Solano County Superior Court.  She moves to remand the

22   case after Wells Fargo Bank N.A. ("Wells Fargo")[1] removed it on May 23, 2016.  The matter was

23   submitted without argument, as provided by Local Rule 230(g).  ECF No. 21.  The motion to

24   remand is granted, but on grounds different than those on which Pacray moves.

25

26          [1]      Wells Fargo Home Bank N.A. asserts Pacray has erroneously named it as "Wells
     Fargo Home Mortgage, Inc."  Notice of Removal (NOR) 4:2–15, ECF No. 1.  Wells Fargo Home
27   Mortgage, Inc. merged into Wells Fargo Bank N.A. on May 8, 2004, and ceased to be a separate
     entity.  NOR Ex. G.
28
                                               1

1    I.      MOTION TO REMAND

2           Pacray filed her complaint in state court in April 2016.  NOR Ex. A ("Compl."),

3    ECF No. 1-1.  She alleges six claims for: (1) violation of California Civil Code section 2923.55;

4    (2) violation of California Civil Code section 2923.6; (3) violation of California Civil Code

5    section 2923.7; (4) negligence; (5) unfair business practices under California Business and

6    Professions Code sections 17200 and 17203; and (6) violation of California Civil Code section

7    2924.19.  *Id.*

8           Wells Fargo removed the case on May 23, 2016, asserting subject matter

9    jurisdiction on the basis of diversity of citizenship under 28 U.S.C. § 1332(a).  *See* NOR.  NBS

10   LLC consented and joined in the notice of removal.  Def. NBS LLC's Consent to Removal by

11   Wells Fargo, ECF No. 1-4.

12          On June 22, 2016, Pacray filed a motion to remand.  Pl.'s Notice of Mot., Mot. to

13   Remand; Decl. of Kenley Dygert ("Mot."), ECF No. 7.  Wells Fargo filed an opposition.  Def.'s

14   Opp'n to Mot. ("Opp'n"), ECF No. 13.  Pacray has replied.  ECF No. 18.

15   II.     LEGAL STANDARD ON MOTION TO REMAND

16          The removal statute provides: "[A]ny civil action brought in a State court of which

17   the district courts of the United States have original jurisdiction, may be removed by" a defendant

18   to a federal district court.  28 U.S.C. § 1441(a).  Federal courts have original jurisdiction "where

19   the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs"

20   and where there is complete diversity between the parties.  *Id.* § 1332(a).

21          The Ninth Circuit "strictly construe[s] the removal statute against removal

22   jurisdiction."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  "Federal jurisdiction must

23   be rejected if there is any doubt as to the right of removal in the first instance."  *Id.*  There is a

24   "'strong presumption' against removal jurisdiction[, which] means that the defendant always has

25   the burden of establishing that removal is proper."  *Id.*  Furthermore, "removal jurisdiction is

26   strictly construed in favor of remand."  *Nasrawi v. Buck Consultants, LLC*, 776 F. Supp. 2d 1166,

27   1169 (E.D. Cal. 2011) (citing *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 698 (9th Cir.

28   /////

1   2005)).  Accordingly, "the court resolves all ambiguity in favor of remand to state court."

2   *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).

3   III.   DISCUSSION

4         Pacray seeks to remand this action to state court on the following grounds:

5   (1) Wells Fargo and NBS LLC are California citizens; and (2) Wells Fargo has not shown the

6   amount in controversy exceeds $75,000.  Mot. 2:7–16.  The parties' citizenship is discussed

7   below.

8         A.   Pacray's Citizenship

9         The parties do not dispute that Pacray is a citizen of California.  A person is a

10   citizen of the state in which she is domiciled.  *See Gilbert v. David*, 235 U.S. 561, 569 (1915).  "A

11   person's domicile is her permanent home, where she resides with the intention to remain or to

12   which she intends to return."  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

13   Pacray alleges she has resided in California "at all times relevant to the facts," Compl. ¶ 1, and

14   the court finds Pacray is a California citizen.

15         B.   Wells Fargo's Citizenship

16         Pacray contends Wells Fargo "should be deemed [a] California citizen[] through

17   [its] significant activities in California."  Mot. 2:10–13.  Wells Fargo counters Ninth Circuit

18   precedent confirms it is a South Dakota citizen.  Opp'n 1:3–10, 2:17–18.

19         Unlike corporations, "a national bank is a citizen only of the state in which its

20   main office is located."  *Rouse v. Wachovia Mortg., FSB*, 747 F.3d 707, 709 (9th Cir. 2014)

21   (citing 28 U.S.C. § 1348).  A bank's main office, which must be "designated in the bank's articles

22   of association," *id.*, is "the 'place where its operations of discount and deposit are to be carried

23   on,'" *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 n.1 (2006) (quoting 12 U.S.C. § 22).

24         Wells Fargo's articles of association state that its main office is located in Sioux

25   Falls, South Dakota.  NOR Ex. F, at 67; *see also Rouse*, 747 F.3d at 715 (concluding "Wells

26   Fargo is a citizen only of South Dakota, where its main office is located").  Accordingly, Wells

27   Fargo is a South Dakota citizen for diversity purposes.

28   /////

3

1    Lastly, Wells Fargo suggests Pacray should be sanctioned, under Federal Rule of

2  Civil Procedure ("Rule") 11(c)(3), for arguing Wells Fargo is a California citizen despite "the

3  controlling Ninth Circuit case in *Rouse*."  Opp'n 2:13–16.  A district court has power under Rule

4  11(c)(3) to impose sanctions *sua sponte* even if no motion is made, but the Court declines to

5  exercise this power here.

6      C.      NBS LLC's Citizenship

7    Pacray argues NBS LLC should be deemed a California citizen because it "holds

8  [itself] out to California laws and statu[t]es by do[ing] business in California and placing [its]

9  California address on all recorded documents and documents sent to" Pacray.  Mot. 7:1–5.

10  Pacray has not cited evidence or provided further examples.  Moreover, she seems to

11  misunderstand how a court determines a limited liability company's citizenship, which is

12  explained below.

13    "[U]nincorporated associations are not legal entities independent of their

14  members. . . .  [A]n LLC is a citizen of every state of which its owners/members are citizens."

15  *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (citation omitted).

16  In its notice of removal, Wells Fargo asserts NBS LLC is a limited liability company whose sole

17  member is NBSC Group Holdings, Inc. ("NBSC Holdings"), a corporation.  NOR 4:17–5:1

18  (citing NOR Ex. H, at 84–86).  Under 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to

19  be a citizen of every State . . . by which it has been incorporated and of the State . . .  where it has

20  its principal place of business." In *Hertz Corp. v. Friend*, the Supreme Court considered the

21  Circuits' varying interpretations of this provision and concluded that a corporation's "principal

22  place of business" for diversity purposes

23           is best read as referring to the place where a corporation's officers
             direct, control, and coordinate the corporation's activities. It is the
24           place that Courts of Appeals have called the corporation's "nerve
             center." And in practice it should normally be the place where the
25           corporation maintains its headquarters—provided that the
             headquarters is the actual center of direction, control, and
26           coordination, i.e., the "nerve center," and not simply an office
             where the corporation holds its board meetings . . . .
27

28  559 U.S. 77, 92–93 (2010).

1    Wells Fargo asserts "NBSC Holdings was incorporated in Delaware and maintains

2   its principal place of business in Addison, Texas."  NOR 5:2–3.  A printout from the Delaware

3   Secretary of State website confirms NBSC Holdings is in fact incorporated in Delaware.  NOR

4   Ex. I, at 87.  Wells Fargo also has presented the declarations of the following NBSC Holdings'

5   officers: James B. "Brad" Cloud; Luke Madole; and Lawrence "Larry" Buckley.  NOR Ex. H, at

6   84–86.  The officers each declare that NBSC Holdings has its principal place of business in

7   Addison, Texas.

8    The court concludes NBS LLC is a citizen of Delaware and Texas.  Granted, the

9   officers state a conclusion about NBSC Holdings' principal place of business, without supporting

10   facts such as where NBSC Holdings has its headquarters.  But Pacray fails to set forth evidence

11   contravening NBS LLC's asserted citizenship.  The court notes at least one other district court

12   recently has found NBS LLC is a citizen of Delaware and Texas.  *Calimpusan v. Wells Fargo*

13   *Bank, N.A.*, No. CV1508452ABKLSX, 2015 WL 9581727, at *3 (C.D. Cal. Dec. 28, 2015).

14    The court need not and does not reach the issue of NBS LLC's potential nominal

15   or fraudulently-joined status, raised by Wells Fargo in its notice of removal, because NBS LLC's

16   presence in the lawsuit does not destroy complete diversity.

17    D.    TBM LLC's Citizenship

18    The complaint alleges TBM LLC "is a California limited liability company

19   registered in the state of California, bound by the laws of the state of California, doing business in

20   the County of Solano, State of California."  Compl. ¶ 4.  Wells Fargo asserts TBM LLC "is a

21   California limited liability corporation."  NOR 6:22.  Assuming TBM LLC is a limited liability

22   company, it "is a citizen of every state of which its owners/members are citizens."  *Johnson*,

23   437 F.3d at 899.  Wells Fargo does not identify TBM LLC's citizenship because it does not

24   identify the citizenship of TBM LLC's owners/members.  However, Wells Fargo asserts in its

25   notice of removal that the court should disregard TBM LLC's citizenship because it was

26   fraudulently joined.  NOR 6:23–24.

27    Pacray's motion does not discuss TBM LLC's citizenship, and neither does Wells

28   Fargo's opposition.  "But federal courts have an independent obligation to ensure that they do not

1   exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional

2   questions that the parties either overlook or elect not to press." *Henderson ex rel. Henderson v.*

3   *Shinseki*, 562 U.S. 428, 434 (2011).

4                    1.        Legal Standard Governing Fraudulent Joinder

5                    A resident defendant has been fraudulently joined "[i]f a plaintiff fails to state a

6   cause of action against [the] resident defendant, and the failure is obvious according to the well-

7   settled rules of the state." *United Comput. Sys., Inc. v. AT & T Corp.*, 298 F.3d 756, 761 (9th Cir.

8   2002).  In the Ninth Circuit, a non-diverse defendant is deemed to be fraudulently joined if, after

9   all disputed questions of fact and all ambiguities in the controlling state law are resolved in the

10  plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is

11  questioned.  *Dodson v. Spiliada Mar. Corp.*, 951 F.2d 40, 42 (9th Cir. 1992).  A court may look

12  beyond the pleadings to determine if a defendant is fraudulently joined, but "a plaintiff need only

13  have one potentially valid claim against a non-diverse defendant" to survive a fraudulent joinder

14  challenge.  *See Knutson v. Allis–Chalmers Corp.*, 358 F. Supp. 2d 983, 993–95 (D. Nev. 2005)

15  (collecting cases); *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998).

16                   "There is a presumption against finding fraudulent joinder, and defendants who

17  assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." *Plute v.*

18  *Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001).  A defendant seeking

19  removal based on an allegedly fraudulent joinder must do more than show that the complaint at

20  the time of removal fails to state a claim against the non-diverse defendant.  *See Burris v. AT&T*

21  *Wireless, Inc.*, No. C 06-02904 JSW, 2006 WL 2038040, at *2 (N.D. Cal. July 19, 2006).

22  "Fraudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials,*

23  *Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).  Indeed, "[r]emand must be

24  granted unless the defendant shows that the plaintiff 'would not be afforded leave to amend h[er]

25  complaint to cure [the] purported deficiency.'"  *Padilla v. AT & T Corp.*, 697 F. Supp. 2d 1156,

26  1159 (C.D. Cal. 2009) (third alteration in original) (quoting *Burris*, 2006 WL 2038040, at *2).

27  /////

28  /////

1              2.        Whether Wells Fargo Has Shown Fraudulent Joinder

2              Wells Fargo asserts "the complaint lacks any charging allegations against TBM

3    [LLC] and seeks no relief as to this defendant . . . .  Notably, the complaint is dedicated to

4    challenging the foreclosure process . . . [whereas] TBM [LLC] played no role in the foreclosure

5    mechanics."  NOR 6:24–27.  The sufficiency of Pacray's current allegations against TBM LLC is

6    questionable.  The only specific references to TBM LLC concern its citizenship, Compl. ¶ 4, and

7    its purported ownership of Pacray's property, which is evidenced by the Trustee's Deed Upon

8    Sale, *id.* ¶¶ 25, 34, 47; NOR Ex. A, at 51–53.  Pacray, however, brings all of her claims against

9    all "defendants," which necessarily includes TBM LLC.

10             Moreover, as noted, the mere failure to state a claim is insufficient to invoke

11   fraudulent joinder, and Wells Fargo has not demonstrated that Pacray "would not be afforded

12   leave to amend h[er] complaint to cure [the] purported deficiency."  *Burris*, 2006 WL 2038040, at

13   *2.  Specifically, Wells Fargo argues Pacray's claims for violations of California Civil Code

14   sections 2923.55, 2923.6 and 2923.7[2] fail because "P[acray] has not alleged and cannot allege

15   that this defendant had any duty regarding these statutes."  NOR 7:1–4.  Wells Fargo cites no

16   authority for this assertion, and it fails to show "'the pleading could not possibly be cured by the

17   allegation of other facts.'"  *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) (quoting *Cook,*

18   *Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)).  It has

19   made no showing whatsoever as to Pacray's remaining three claims.

20             Furthermore, the allegations taken as a whole imply that TBM LLC colluded, or

21   perhaps conspired, with other defendants to improperly foreclose on Pacray's residence.  In a case

22   with similar, albeit more detailed factual allegations, the court found "the potential for [a]

23   foreclosure-based conspiracy to develop as a theory of the case" "raise[d] doubt regarding the

24   propriety of the removal."  *Alabastro v. Wells Fargo Bank, N.A.*, No. 5:14-CV-03469 EJD,

25   2015 WL 138235, at *3 (N.D. Cal. Jan. 9, 2015); *see* Compl. ¶ 26 ("Defendants have abused their

26

27             [2]      Wells Fargo cites California Civil Code section 2924.7, but this appears to be a
     typographical error.
28

                                                      7

1   rights as a lender, have engaged in unfair business practices, and have breached several promises

2   as well as fiduciary duties to Plaintiff."), ¶ 62 ("[D]efendants . . . have engaged in unfair

3   competition within the meaning of California Business and Professions Code [section] 17200").

4              For these reasons, Wells Fargo's conclusory assertions fall short of carrying its

5   heavy burden of proving TBM LLC's fraudulent joinder by clear and convincing evidence.  *See*

6   *Hamilton*, 494 F.3d at 1206.  Consequently, the court cannot disregard TBM LLC's citizenship in

7   determining whether diversity jurisdiction exists.  Because Wells Fargo has not properly alleged

8   TBM LLC's citizenship, or because TBM LLC is a California citizen as the parties indicate,

9   Wells Fargo has not shown complete diversity of citizenship, and this case should be remanded to

10  Solano County Superior Court.

11             The court need not and does not reach the parties' remaining arguments about the

12  amount in controversy, because even if this jurisdictional requirement is met, the case must be

13  remanded on lack of complete diversity grounds.

14             E.      Pacray's Request for Costs and Attorneys' Fees

15             Pacray seeks costs and attorneys' fees under 28 U.S.C. § 1447(c) "incurred as a

16  result of unnecessary removal."  Mot. 9:21.  Wells Fargo counters, *inter alia*, its "removal was

17  objectively reasonable."  Opp'n 4:22–23.

18             Courts have discretion to award attorneys' fees when considering motions to

19  remand.  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005).  "An order remanding the

20  case may require payment of just costs and any actual expenses, including attorney fees, incurred

21  as a result of the removal."  28 U.S.C. § 1447(c).  A district court may award fees to plaintiffs in

22  § 1447(c) cases even absent a finding of bad faith.  *Moore v. Permanente Med. Grp., Inc.*,

23  981 F.2d 443, 446 (9th Cir. 1992).  The purpose of an award is not to punish defendants, but to

24  reimburse plaintiffs for unnecessary litigation costs incurred as a result of the unsuccessful

25  removal attempt.  *Id.* at 447.

26             While Wells Fargo has failed to meet the high bar for establishing fraudulent

27  joinder, its assertions about TBM LLC's liability were objectively reasonable.  Although Wells

28  Fargo did not address all of Pacray's claims, sufficient ambiguity in the pleading exists to warrant

8

1    a reasonable belief that there were no viable claims against TBM LLC.  Accordingly, Pacray's

2    request for costs and attorneys' fees is denied.

3    IV.    CONCLUSION

4           For the foregoing reasons, Pacray's motion to remand is hereby GRANTED and

5    her request for costs and attorneys' fees is DENIED.  Wells Fargo's motion to dismiss, ECF

6    No. 4, is hereby DENIED as moot.  This case is REMANDED to Solano County Superior Court.

7    The Clerk of Court is directed to CLOSE this case.

8           IT IS SO ORDERED.

9     DATED:  August 24, 2016.

10

11   _____
                UNITED STATES DISTRICT JUDGE
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28